■ STANDARD FRUIT & STEAMSHIP COMPANY, a Division of CASTLE AND COOKE, INC., Appellant, v FRANK RUSSO, Respondent, et al., Defendant—In an action to recover for goods sold and delivered, plaintiff appeals from an order of the Supreme Court, Kings County, dated June 21, 1978, which recalled the judgment previously granted in favor of plaintiff and allowed defendant Frank Russo to serve an amended answer. Order reversed, on the law, with $50 costs and disbursements, and judgment reinstated. In March, 1977 the plaintiff commenced an action against the defendants to recover payment for the sale and delivery of bananas. The essential cause of action was stated in the second paragraph of the plaintiff's verified complaint. The defendants interposed separate answers. The answer of Teresa Russo was essentially a general denial. However, the verified answer of defendant Frank Russo denied the second paragraph of the complaint only "insofar as it alleges that the defendants, Frank Russo and Teresa Russo, are or have been doing business as Frank Russo Wholesale Bananas." Neither defendant interposed a defense to the plaintiff's cause of action. Subsequently, the plaintiff moved for summary judgment against Frank Russo on the ground that he had essentially admitted liability by his failure to deny the claim in the second paragraph of the complaint. The notice of motion was supported by an attorney's affirmation, the applicable invoices, and the complaint and answer. There was no opposition to the motion and, in May, 1977, judgment was granted to the plaintiff against Frank Russo. In December, 1977 Mr. Russo, represented by an associate of his former counsel, moved to vacate the judgment and to assert the defense that the transactions and contracts were illegal and contrary to public policy because they violated the Robinson-Patman Act. It was conceded that the alleged defense was known and available at the time the original answer was interposed. Special Term determined that the defense had been waived and denied the motion to vacate. However, upon reargument, Special Term noticed that the attorney's affirmation in support of the motion for summary judgment was unsigned. Upon referral to the Justice who had granted summary judgment, it was determined that the failure to sign the affirmation was a fatal defect which necessitated that the judgment be recalled. Mr. Russo was also permitted to amend his answer to allege the defense of illegality. Unquestionably, the unsigned attorney's affirmation is a defect in context of the requirement that a motion for summary judgment be supported by an affidavit by a person having knowledge of the facts (see CPLR 3212, subd [b]). However, in the circumstances of this case, the defect was merely a highly technical procedural irregularity which may be disregarded pursuant to CPLR 2001. That section provides: "Mistakes, omissions, defects and irregularities At any stage of an action, the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded." Summary judgment was granted in this case because Mr. Russo failed to deny liability for the goods sold and delivered and failed to interpose any defense to the plaintiff's cause of action. The affirmation was entirely superfluous to the application. Mr. Russo has neither denied receipt of the notice of motion, nor has he indicated how he was prejudiced by the failure of plaintiff's counsel to sign the affirmation. Indeed, were it not for the acuity of Special Term, it is likely that the defect would have gone entirely unnoticed. Thus, it is clear that no substantial right of Mr. Russo's has been prejudiced and therefore the defect should be disregarded. We also note that no viable excuse has been offered for the failure to timely raise the alleged defense, or for the

failure to oppose the motion for summary judgment. In these circumstances, the defense was waived. Mollen, P. J., Hopkins, Suozzi and Rabin, JJ., concur.