■ JOAN·MILDNER, as Administratrix of the Estate of ALVIN MILDNER, Deceased, Respondent, v KENNETH WAGNER et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered November 4, 1981 in Sullivan County, which denied defendants' motion for summary judgment dismissing the complaint. Plaintiff's decedent was killed on September 27, 1973 when the car he was driving collided with the back of a tractor trailer driven by defendant Kenneth Wagner while driving east on Interstate Route 84 up Greenville Mountain in Orange County. This wrongful death action against Wagner, as driver and owner of the tractor, and defendant Melvin Shawber, as owner of the trailer portion of the vehicle, was commenced with plaintiff alleging that Wagner's vehicle was proceeding up the mountain without the use of flashers or other signals to warn decedent of the tractor trailer's slow rate of speed. After depositions upon oral questions were taken of Wagner, truck driver Terrence Narehood and State Trooper Robert King, defendants moved for summary judgment dismissing the complaint. Special Term, while noting that the deposition testimony "might compel one to conclude that the plaintiff was contributorily negligent and that the defendant operator was not negligent", denied the motion because it felt that granting summary judgment in this action for wrongful death would be "unduly harsh". On this appeal by defendants, we reverse Special Term and award summary judgment to defendants. All of the testimony of the witnesses who were examined supports Wagner's contention that he was not operating his vehicle in a negligent manner and that his vehicle's four-way flashers and rear lights were operating at the time of the accident. This was corroborated by Narehood, a. fellow truck driver who was traveling behind Wagner in another tractor trailer. Narehood stated that he turned on his flashers after seeing those on Wagner's vehicle go on while the trucks were climbing the hill, and that he continued to see Wagner's flashers operating until he lost sight of Wagner's vehicle a few moments before the collision. Trooper King's accident report indicated that he found the flashers on Wagner's truck operational and the officer stated that he would have arrested Wagner if any of the vehicle's lights had not been found to work properly or if there had been other evidence of negligence on Wagner's part. There are no other possible witnesses with respect to this action who have not already testified and there are no other possible sources of proof. While it has long been recognized in this State that a plaintiff in a death case is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence (*Noseworthy v City of New York,* 298 NY 76, 80), there must, however, be some showing of negligence before that lesser standard of proof can be invoked (*Wank v Ambrosino,* 307 NY 321, 323-324). Where, as here, there is absolutely no showing of facts from which negligence may be inferred, the *Noseworthy* rule is inapplicable (*id.*). The only opposition made by plaintiff to defendants' motion for summary judgment was a hearsay affirmation from her attorney. This affirmation merely speculated that a jury might choose to disbelieve all of the witnesses and find for plaintiff. Since it contained no evidentiary proof in

admissible form or excuse for such failure, it was insufficient to defeat the motion for summary judgment (*Zuckerman v City of New York,* 49 NY2d 557, 563-564). Order reversed, on the law, without costs, motion granted and complaint dismissed. Mahoney, P. J., Sweeney, Casey, Mikoll and Levine, JJ., concur.