■ JANICE CARTER, Individually and as Administratrix of the Estate of JOHN A. CARTER, Deceased, and as Parent and Natural Guardian of MICHELLE CARTER, an Infant, Respondent, v COUNTY OF ERIE, Defendant, and HAROLD C. KARSTEDT et al., Appellants. — Order reversed, without costs, and motion granted. Memorandum: Plaintiff sustained injuries when the car driven by her husband in which she was riding skidded on ice and snow onto the wrong side of the road and collided with a milk truck owned by defendant Karstedt and operated by defendant Lynch. Plaintiff's husband was killed and her two-year-old daughter was injured. Plaintiff has sued the defendants Karstedt and Lynch and the County of Erie, individually and as guardian of her daughter, and also as the representative of her husband's estate in a cause of action for his wrongful death. Plaintiff has no recollection of the accident. The complaint against the county alleges, among other things, negligence and improper and incomplete snow removal which created a dangerous condition. The two individual defendants appeal from a denial of their motion for summary judgment dismissing the complaint as to them. We reverse and grant the motion. The record, which includes minutes of an extensive examination by plaintiff's counsel of the only witness to the accident, defendant Lynch, and the transcript of a motor vehicle hearing at which defendant Lynch and an investigating police officer testified, demonstrates conclusively that the milk truck was at all times on its side of the road, that when the Carter car was observed operating on the wrong side of the road, the driver of the truck immediately braked, turned to the right and pulled the truck to a stop on the right shoulder as far as the snowbank and guardrail would permit. The record is devoid of anything that could be considered evidence of imprudent speed, improper driving or of any act or omission on the part of defendant Lynch which could constitute negligence. Thus, there is no triable issue warranting

denial of the motion (CPLR 3212; see *Mildner v Wagner,* 89 AD2d 638; *Dabney v Ayre,* 87 AD2d 957). We recognize that *Noseworthy v City of New York* (298 NY 76) would apply, but "there must, however, be some showing of negligence before that lesser standard of proof can be invoked *(Wank v Ambrosino,* 307 NY 321, 323-324). Where, as here, there is absolutely no showing of facts from which negligence may be inferred, the *Noseworthy* rule is inapplicable *(id.)"* *(Mildner v Wagner, supra,* p 638). All concur, except Doerr and Green, JJ.

Doerr and Green, JJ., dissent and vote to affirm, for reasons stated in memorandum decision at Special Term, Broughton, J. (Appeal from order of Supreme Court, Erie County, Broughton, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, Green, O'Donnell and Moule, JJ.