■ LEONARD C. SPANO, as Administrator of the Estate of MARK A. SPANO, Deceased, Respondent, v COUNTY OF ONONDAGA et al., Appellants, et al., Defendants. — Order affirmed without

costs. All concur, except Boomer, J., who dissents and votes to reverse, in the following memorandum.

Boomer, J. (dissenting). I respectfully dissent. The order appealed from should be reversed and summary judgment granted in favor of the defendants, Edward McAvoy, formerly a deputy sheriff, and the County of Onondaga, dismissing the complaint.

The undisputed facts in this wrongful death action show that while the decedent was being chased by Deputy Sheriff McAvoy, he lost control of his automobile and crashed into a tree at a speed close to 100 miles per hour. After discovery, including an extensive pretrial examination of McAvoy, the County of Onondaga and McAvoy moved for summary judgment. In its memorandum denying the motion, Special Term stated that "[t]here is some dispute as to the facts in this matter". None of the disputed facts alluded to, however, creates a question of fact for the jury on the issue of defendants' negligence.

In support of the motion, the moving defendants submitted evidence showing that decedent's death was caused solely by the negligence of the decedent and was not in any degree caused by any act or omission on the part of defendants. The evidence submitted in opposition to the motion and relied upon by Special Term does not establish a prima facie case of negligence.

Plaintiff relies upon either of two theories to support his claim of negligence on the part of the deputy sheriff. He says that the deputy caused the decedent to lose control of his vehicle by shining a spotlight into the back window of the vehicle or that the deputy caused the loss of control by causing his car to come into contact with decedent's automobile. There is nothing in the record but speculation to support these theories.

The evidence of damage to the deputy's car is insufficient to support the inferences that the car collided with decedent's vehicle and thereby caused the decedent to lose control and crash. This is particularly true in view of the undisputed evidence that the remains of decedent's vehicle were strewn across the road and the deputy's vehicle passed through the debris after the crash.

The evidence that the deputy directed his spotlight at decedent's rear window does not sustain the inference that the spotlight caused decedent to lose control, since there is undisputed evidence that the decedent's vehicle significantly increased its speed and traveled more than one mile after the incident and before the crash.

"A plaintiff opposing a motion for summary judgment must lay bare his proof in evidentiary form and raise an issue of fact

sufficient to send to the jury (*Indig v Finkelstein,* 23 NY2d 728)" (*Badman v Civil Serv. Employees Assn.,* 91 AD2d 858). Even under the lesser standard applicable to wrongful death cases, plaintiff has not made out a prima facie case of negligence. "Where, as here, there is absolutely no showing of facts from which negligence may be inferred, the *Noseworthy* rule [*Noseworthy v City of New York,* 298 NY 76] is inapplicable" (*Mildner v Wagner,* 89 AD2d 638; see, also, *Carter v County of Erie,* 98 AD2d 963, 964). Nor can plaintiff "rely upon the hope that somehow, on cross-examination of the defendant's witnesses, he can establish his case (*Trails West v Wolff,* 32 NY2d 207, 221; see *Bachrach v Farbenfabriken Bayer AG.,* 36 NY2d 696, 697)" (*Badman v Civil Serv. Employees Assn., supra*). (Appeal from order of Supreme Court, Onondaga County, Murphy, J. — summary judgment.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.