■ MARIE WOODS et al., Respondents, v ZIK REALTY CORP. et al., Appellants, et al., Defendant.—In an action to recover damages for personal injuries and loss of consortium, the defendant Zik Realty Corp. appeals from an order of the Supreme Court, Kings County (Williams, J.), dated October 11, 1989, which denied its motion for summary judgment, and the defendant Gardenia Deli Foods separately appeals from an order of the same court, also dated October 11, 1989, which denied its motion for summary judgment.

Ordered that the orders are reversed, on the law, the respective motions by the defendants Zik Realty Corp. and Gardenia Deli Corp. for summary judgment dismissing the complaint and cross claims against each of them are granted, and the action against the remaining defendant is severed; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appellants contend that they made a prima facie showing of their entitlement to summary judgment by submission of affirmations of their respective attorneys with deposition testimony and other proof and that the plaintiffs failed to establish the existence of material issues of fact by evidentiary proof in admissible form.

That the appellants' supporting proof was placed before the court by way of attorneys' affirmations annexing deposition testimony and other proof, rather than affidavits of fact made upon personal knowledge, is not fatal to their respective motions *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320). Moreover, once a movant has made a prima facie showing of its entitlement to summary judgment, the burden shifts to the opposing party to establish the existence of material issues of fact by evidentiary proof in admissible form *(see, Alvarez v Prospect Hosp., supra,* at 324, 325).

The defendant Janusz Machnica was cleaning an appliance on the sidewalk adjacent to premises owned by Zik Realty Corp. and leased by Gardenia Deli Foods, when oven cleaner was accidentally sprayed into the eyes of the plaintiff Marie Woods as she walked along the sidewalk. On their respective motions for summary judgment the appellants established by

deposition testimony and documentary evidence annexed to affirmations of their attorneys that Janusz Machnica was an independent contractor. The plaintiffs failed to respond with evidentiary proof in admissible form sufficient to demonstrate the existence of a triable issue of fact. Under these circumstances the appellants were entitled to summary judgment. Bracken, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.