■ SUSAN DENICKER, as Administratrix of the Estate of TODD L. DENICKER, Deceased, Respondent, v LEONARD DENICKER et al., Defendants, and ELLEN DENICKER, Appellant.—In an action to recover damages for wrongful death, the defendant

Ellen Denicker appeals from an order of the Supreme Court, Queens County (Durante, J.), dated October 13, 1989, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff commenced this action to recover damages for the drowning death of her seven-year-old son which occurred when the boat on which he was a passenger capsized beneath the Throgs Neck Bridge. The plaintiff contends that the appellant Ellen Denicker was negligent in holding onto the decedent while in the water and pushing him under the water thereby causing his death. The decedent was wearing a life preserver at the time of the accident while the appellant was not.

Under the facts of this case, the appellant was not negligent as a matter of law and the court should have granted summary judgment in her favor. When the boat capsized and the passengers were thrown into the water, the appellant was confronted with an emergency not of her own making and without an opportunity for deliberation (see, Tenenbaum v Martin, 131 AD2d 660). Under the emergency circumstances presented, the appellant was not obligated to exercise her best judgment and any error in her judgment was not sufficient to constitute negligence (see, Rowlands v Parks, 2 NY2d 64; Moller v Lieber, 156 AD2d 434). Accordingly, summary judgment should have been granted in favor of the appellant. Thompson, J. P., Brown, Eiber and O'Brien, JJ., concur.