■ FRANK FISHER et al., as Administrators of the Estate of SHAWN FISHER, Deceased, Appellants, v EDWARD T. FARRELL, Respondent.—Casey, J. Appeal from an order of the Supreme Court (Conway, J.), entered April 15, 1991 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

In support of his motion for summary judgment, defendant submitted his affidavit and other documents in admissible form to show that the death of plaintiffs' decedent occurred without any fault on his part. The death occurred when the motorcycle that decedent was operating failed to negotiate a right hand curve and slid across the roadway and under defendant's vehicle, which was then stopped. Defendant avers that on July 8, 1986 at about 4:50 P.M., he was operating a vehicle, owned by his wife, in a generally northerly direction on Wade Road about one quarter of a mile south of Old Niskayuna Road Extension in the Town of Colonie, Albany County. This roadway contains two lanes and is of macadam construction, with a double line at its center at the point of

the accident and a speed warning of 25 miles per hour because the roadway curved to the left for vehicles traveling north at that point.

Defendant was on his own side of the road and driving at an appropriate speed behind a vehicle operated by Joan Celeone. As the motorcycle that decedent was operating proceeded south, it failed to negotiate the curve and crossed into the northbound lane. In an effort to avoid an accident, the Celeone vehicle went out of control and fell into a steep right hand ditch. Defendant's evasive action caused the front end of his vehicle to stop on the right hand shoulder with the vehicle in a generally perpendicular position to the roadway. The motorcycle, out of control on the wrong side of the road, tipped to its right side and slid under defendant's vehicle, causing the death of plaintiffs' decedent.

This showing by defendant required plaintiffs to demonstrate facts sufficient to require trial by submission of proof in admissible form (see, Eisenbach v Rogers, 158 AD2d 792, lv dismissed 76 NY2d 983, lv denied 79 NY2d 752; LaGrega v Farrell Lines, 156 AD2d 205). Plaintiffs have failed to meet their burden of showing facts and circumstances that would support an inference of some negligence on defendant's part, even considering that this is a death case (see, Carter v County of Erie, 98 AD2d 963; Mildner v Wagner, 89 AD2d 638). Accordingly, summary judgment was properly granted to defendant by Supreme Court and its order dismissing the complaint should be affirmed.

Weiss, P. J., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.