■ FLORENTINO RIVAS, Appellant, v METROPOLITAN SUBUR-

BAN BUS AUTHORITY et al., Respondents. (Action No. 1.) SHEILA ELLIS, Plaintiff, v RICHARD J. PATRICK, JR., et al., Respondents, and FLORENTINO RIVAS, Appellant. (Action No. 2.) [610 NYS2d 79] —In consolidated negligence actions to recover damages for personal injuries, Florentino Rivas, the plaintiff in Action No. 1 and a defendant in Action No. 2, appeals from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated February 26, 1992, as granted the motion of the defendants Metropolitan Suburban Bus Authority and Richard J. Patrick, Jr. for summary judgment dismissing the complaint in Action No. 1 and his cross claim against them in Action No. 2.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contentions, the submission of an attorney's affidavit and various deposition transcripts constituted competent evidence which was sufficient to support the motion of the defendants Metropolitan Suburban Bus Authority (hereinafter MSBA) and Patrick for summary judgment (see, Olan v Farrell Lines, 64 NY2d 1092; Gaeta v New York News, 62 NY2d 340; Ayala v V & O Press Co., 126 AD2d 229). Moreover, the purported issues of fact raised by the appellant in opposition to the motion were either totally irrelevant to the question of MSBA's and Patrick's possible liability or were patently without merit.

Similarly unavailing is the appellant's contention that the Supreme Court erred in applying the emergency doctrine to the facts of this case. The evidence in the record establishes as a matter of law that when the appellant's vehicle crossed over into the opposing lane of traffic only 30 feet in front of the bus which the defendant Patrick was operating, Patrick was confronted with a sudden and unanticipated situation (see generally, Rivera v New York City Tr. Auth., 77 NY2d 322; Denicker v Denicker, 173 AD2d 516) which left him with only two seconds to react. Under these circumstances, the emergency doctrine is clearly applicable and MSBA and Patrick cannot be held liable for the accident (see, Rowlands v Parks, 2 NY2d 64; Glick v City of New York, 191 AD2d 677; Hornacek v Hallenbeck, 185 AD2d 561; Serbak v Ulrich, 178 AD2d 1012; Moller v Lieber, 156 AD2d 434; Tenenbaum v Martin, 131 AD2d 660). Patrick's actions of stepping on the brakes and swerving to the left in an attempt to avoid the collision were entirely reasonable in view of the emergency, and the appellant's conclusory attack on Patrick's judgment in this regard

is unavailing *(see, e.g., Lackner v Roth,* 166 AD2d 686). Sullivan, J. P., Joy, Hart and Krausman, JJ., concur.