■ MARY P. RUOTOLO, by Her Mother and Natural Guardian, CATHERINE RUOTOLO, Respondent, v AMBU-WAGON, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. RAJANIKANT SHAH et al., Third-Party Defendants-Respondents. (Action No. 1.) THERESA BOTTIGLIERI, by Her Father and Natural Guardian, LUKE BOTTIGLIERI, et al., Respondents, v AMBU-WAGON, INC., et al., Defendants and Third-Party Plaintiffs-Appellants. RAJANIKANT SHAH et al., Third-Party Defendants-Respondents. (Action No. 2.) [616 NYS2d 197] —In separate actions to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Westchester County (Gurahian, J.), entered November 19, 1992, which granted the third-party defendants' motion for summary judgment dismissing the third-party complaint.

Ordered, that the order is affirmed, with costs.

While negligence cases do not generally lend themselves to resolution by motion for summary judgment, such a motion will be granted where, as here, the unrefuted facts clearly point to the negligence of the decedent, the defendant Richards, without any fault or culpable conduct by the third-party defendant Rajanikant Shah (see, Wank v Ambrosino, 307 NY 321, 323-324; Forbes v Plume, 202 AD2d 821; Morowitz v Naughton, 150 AD2d 536, 537; Carter v County of Erie, 98 AD2d 963; Mildner v Wagner, 89 AD2d 638). The evidence revealed, as a matter of law, that Shah was confronted with a sudden and unanticipated situation which left him with only seconds to react. Thus, the emergency doctrine is applicable and Shah cannot be held liable for the accident (Rivera v New York City Tr. Auth., 77 NY2d 322, 326; Rowlands v Parks, 2

NY2d 64, 66-67; *Rivas v Metropolitan Suburban Bus Auth.,* 203 AD2d 349; *Denicker v Denicker,* 173 AD2d 516). Thompson, J. P., O'Brien, Ritter and Krausman, JJ., concur.