■ ANTOINE CHRISTIAN et al., Appellants, v AUDI OF AMERICA, INC., et al., Defendants, and PACE MOTOR LINES, INC., et al., Respondents. (Action No. 1.) ANGELA CHRISTIAN, Plaintiff, v AUDI OF AMERICA, INC., et al., Defendants. (Action No. 2.) [649 NYS2d 466] —In two related negligence actions to recover damages for personal injuries, etc., the plaintiffs in Action No. 1 appeal from so much of an order of the Supreme Court, Queens County (Price, J.), dated November 20, 1995, as granted that branch of the motion of the defendants Pace Motor Lines, Inc., and Carmela Cueto which was for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, the submission of police accident reports, eyewitness depositions, and the statement to the police of Angela Christian, the driver of the vehicle in which the infant plaintiff was riding, constituted competent evidence sufficient to entitle the respondents to judgment as a matter of law (*see,* CPLR 3212 [b]; *Olan v Farrell Lines,* 64 NY2d 1092; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Gaeta v New York News,* 62 NY2d 340). The appellants have failed to meet their burden of demonstrating by admissible proof the existence of a triable issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York,* 49 NY2d 557, 562).

The appellants' contention that the driver of the tractor trailer, Paul Cueto, did not act reasonably in light of the emergency confronting him is without merit (*see, Woolley v Coppola,* 179 AD2d 991). The evidence in the record reveals that the vehicle which Angela Christian was driving, at a speed in excess of the designated speed limit, flew over the divider only 10 to 15 feet in front of the tractor trailer, and collided with it. Paul Cueto's actions of stepping on the brakes and swerving to the right and then to the left in an attempt to avoid the collision were entirely reasonable under the circumstances (*see, Rivas v*

*Metropolitan Suburban Bus Auth.,* 203 AD2d 349; *Forbes v Plume,* 202 AD2d 821; *Gouchie v Gill,* 198 AD2d 862; *Palmer v Palmer,* 31 AD2d 876, *affd* 27 NY2d 945). Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.