■ IRVING ROSENTHAL, Appellant, v CULLEN & DYKMAN et al., Respondents. [649 NYS2d 180] —In an action, *inter alia,* to recover damages for invasion of privacy, the plaintiff appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated September 26, 1994, which denied its motion for partial summary judgment on the issue of liability and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that the plaintiff waived his right to assert the physician-patient privilege by affirmatively and voluntarily placing his medical condition in controversy. In addition to testifying on direct examination about his medical history and condition at both the deposition on May 17, 1993, and the contempt hearing on June 8, 1993, the plaintiff tendered two letters from physicians concerning privileged information (*see, Dillenbeck v Hess,* 73 NY2d 278, 287-288; *De Silva v Rosenberg,* 129 AD2d 609; *Riccardi v Tampax, Inc.,* 113 AD2d 880, 881). The privilege having been

waived, the defendants were entitled to examine the relevant medical records.

Furthermore, the fact that the defendants' "supporting proof was placed before the court by way of an attorney's affidavit annexing [the] plaintiff's deposition testimony and other proof, rather than affidavits of fact on personal knowledge", does not defeat the defendants' right to summary judgment (*Olan v Farrell Lines,* 64 NY2d 1092, 1093; *see also, Gaeta v New York News,* 62 NY2d 340, 350; *Rabadi v County of Westchester,* 160 AD2d 858, 859).

The plaintiff's remaining contention is without merit. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.