J. Stein et al., Plaintiffs, v Yonkers Contracting, Inc., et al., Defendants and Third-Party Plaintiffs, et al., Defendants. Rice Mohawk U.S. Construction Co., Ltd., Third-Party Defendant. (Action No. 2.) [664 NYS2d 331] —In two actions to recover damages for personal injuries, etc., the defendant Yonkers Contracting, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated April 24, 1996, in Action No. 1, as denied its motion to vacate a judgment on the issue of liability entered in favor of the plaintiffs and against it upon its default in appearing, and the defendants New York City Department of Transportation, Greenman and Peterson, Inc., and Bettigole, Andrews & Clark, Inc., appeal from the same order.

party defendant Rice Mohawk U.S. Construction Co., Ltd., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Goldstein, J.), dated July 3, 1996, made in Action No. 2, as (1) granted the plaintiffs' motion for partial summary judgment on the issue of liability based upon violations of Labor Law § 240 (1) and § 241, and (2) granted that branch of the cross motion of the defendant third-party plaintiff Yonkers Contracting, Inc., which was for partial summary judgment on its cause of action in the third-party complaint for contractual indemnification.

Ordered that the order is modified by (1) deleting the provision thereof which, *sua sponte,* granted partial summary judgment to the plaintiffs on the issue of liability based upon a violation of Labor Law § 241, and (2) deleting the provision thereof which granted that branch of the cross motion which was for partial summary judgment in favor of the defendant third-party plaintiff Yonkers Contracting, Inc., and against the appellant on the cause of action in the third-party complaint for contractual indemnification and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs payable by the appellant.

Contrary to the appellant's contention, the Supreme Court properly granted the plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). The plaintiff Ronald Joseph Stein established that he was injured when he fell from an elevated roadway at the subject construction site, and that, while he had been provided with a safety belt, there were no safety lines to which the belt could be attached in the work area where he fell (*see, Rich v State of New York,* 231 AD2d 942; *DiMuro v Town of Babylon,* 210 AD2d 373; *Desrosiers v Barry, Bette & Led Duke,* 189 AD2d 947; *Merante v IBM,* 169 AD2d 710). The papers submitted in opposition to the motion failed to raise a triable issue of fact. The Supreme Court erred, however, in granting partial summary judgment on the issue of liability based upon an alleged violation of Labor Law § 241, as the plaintiffs had not requested that relief (*see, Dunham v Hilco Constr. Co.,* 89 NY2d 425).

Additionally, the court erred in granting that branch of the cross motion which was for partial summary judgment in favor of the defendant third-party plaintiff Yonkers Contracting, Inc., and against the appellant on the issue of contractual indemnification. There are questions of fact as to the extent to which Yonkers Contracting, Inc., exercised direction and control over the work (*see, Stein v Yonkers Contr.,* 244 AD2d 476 [decided herewith]).

Although not raised as an issue on appeal, to the extent that the recent amendment to the Workers' Compensation Law, limiting the right of third parties to sue an employer for contribution or indemnification based upon liability for injuries sustained by the employee within the scope of his or her employment, might otherwise be applicable to the facts of this case, we note that the amendment is not to be applied retroactively to third-party actions pending on the effective date of the amendment (*see,* Workers' Compensation Law § 11, as amended by L 1996, ch 635, § 2; *Morales v Gross,* 230 AD2d 7). Bracken, J. P., Joy, Altman and Goldstein, JJ., concur.