■ WAYNE FOWLER et al., Plaintiffs, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants. (Action No. 1.) MIRIAM TORRES, Appellant, v WAYNE FOWLER, Respondent, et al., Defendant. (Action No. 2.) (And a Third-Party Action.) [666 NYS2d 459] —In two related actions to recover damages for personal injuries, etc., the plaintiff in Action No. 2, Miriam Torres, appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated October 25, 1996, which granted the motion of the defendant Wayne Fowler for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

This appeal arises out of a three-vehicle accident which occurred on August 8, 1990, when a vehicle driven by the defendant Rogasiano Garcia travelled through a red light and collided with a bus owned by the third-party defendant New York City Transit Authority (hereinafter the NYCTA) and operated by the third-party defendant Conrad Williams. The force of the impact propelled the NYCTA bus into a vehicle being driven in the opposite lane of traffic by the defendant Wayne Fowler. The plaintiff, a passenger on the bus, commenced Action No. 2 against Fowler and Garcia, to recover damages for personal injuries allegedly sustained during this accident.

Contrary to the plaintiff's contention, the submission of an attorney's affirmation and the examinations before trial of Fowler and Williams were sufficient evidentiary proof in admissible form to support Fowler's motion for summary judgment (see, Olan v Farrell Lines, 64 NY2d 1092; Christian v Audi of Am., 233 AD2d 289; Rivas v Metropolitan Suburban Bus Auth., 203 AD2d 349). The plaintiff failed to meet her burden of demonstrating by admissible proof the existence of a triable issue of fact as to any negligence by Fowler (see, Christian v Audi of Am., supra; Rivas v Metropolitan Suburban Bus Auth., supra; Velez v Diaz, 227 AD2d 615). Mangano, P. J., Santucci, Joy and Lerner, JJ., concur.