■ JAMES FINNEGAN, Appellant, v STATEN ISLAND RAPID TRANSIT OPERATING AUTHORITY et al., Respondents. [674 NYS2d 734] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Cusick, J.), dated March 27, 1997, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries on the defendants' train platform when he slipped on a liquid that apparently leaked from a garbage can, and then cut his hand on the metal rim of the garbage can when he tried to halt his fall. The plaintiff contends that the Supreme Court erred in granting the defendants' motion for summary judgment dismissing the complaint. We disagree.

It is well established that a plaintiff in a slip and fall case must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or

constructive notice of the condition (see, Dwoskin v Burger King Corp., 249 AD2d 358; Weber v Sekapi, Inc., 246 AD2d 644; Kraemer v K-Mart Corp., 226 AD2d 590). Here, the defendant sufficiently established that it neither created the allegedly slippery condition on the train platform nor had actual or constructive notice of that condition. Contrary to the plaintiff's contentions, "[t]he fact that defendants' supporting proof was placed before the court by way of an attorney's affidavit annexing plaintiff's deposition testimony and other proof, rather than affidavits of fact on personal knowledge, does not defeat defendants' right to summary judgment" (Olan v Farrell Lines, 64 NY2d 1092, 1093; Fowler v New York City Tr. Auth., 245 AD2d 416; Rosenthal v Cullen & Dykman, 233 AD2d 313). In opposition, the plaintiff failed to meet his burden of demonstrating with admissible evidence that there are material issues of fact that require a trial. Accordingly, the court properly granted the defendants' motion (see, Piacquadio v Recine Realty Corp., 84 NY2d 967; Weber v Sekapi, Inc., supra). Bracken, J. P., Joy, Altman and McGinity, JJ., concur.