■ ROBERT W. ULRICH, Appellant, v MICHAEL D. HAUSFELD et al., Respondents. [704 NYS2d 495] —In an action, *inter alia*, to recover damages for defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered January 20, 1999, as granted those branches of the defendants' respective motions which were to dismiss the first, second, and sixth causes of action in the amended complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly dismissed the plaintiff's first and second causes of action alleging defamation, which stemmed from an accurate publication of statements made in the course of and pertinent to a judicial proceeding. The allegedly defamatory remarks were "absolutely privileged" (*Martirano v Frost,* 25 NY2d 505; Civil Rights Law § 74; *see also, Park Knoll Assocs. v Schmidt,* 59 NY2d 205; *Romeo v Village of Fishkill,* 248 AD2d 700). Moreover, the plaintiff has not demonstrated that the judicial proceeding was brought solely for the purpose of disseminating the alleged defamation (*cf., Williams v Williams,* 23 NY2d 592; *Hughes Training v Pegasus Real-Time,* 255 AD2d 729).

The Supreme Court also properly dismissed the cause of action predicated upon Judiciary Law § 487 since there is no evidence that the defendants engaged in a " 'chronic extreme pattern of [legal] delinquency' " (*Estate of Steinberg v Harmon,* 259 AD2d 318; *see, Mackley v Sullivan & Liapakis,* 1999 WL 287362 [SD NY, May 7, 1999, Kram, J.]; *see also, Beshara v Little,* 215 AD2d 823).

The plaintiff's remaining contentions are without merit. Santucci, J. P., Altman, Florio and Smith, JJ., concur.