■ NORMAN CARNIOL, Respondent, v CATHY B. CARNIOL, Appellant. [733 NYS2d 485] —In an action, *inter alia*, to recover damages for libel, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated June 13, 2000, as denied those branches of her motion which were for summary judgment dismissing the complaint and for the imposition of a sanction.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the motion which was for summary judgment is granted, the complaint is dismissed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The parties to this appeal have been involved in protracted and acrimonious divorce proceedings (*see, Berger-Carniol v Carniol*, 273 AD2d 427). In the course thereof, the defendant made certain allegations, *inter alia*, in her statement of net worth and during her deposition, about the plaintiff's "income, assets and net worth," which he considered to be "false, prejudicial, scandalous and defamatory." As a result, the plaintiff commenced the instant action seeking damages for defamation and for prima facie tort. The complaint sought damages of $83,449, which was the identical amount set forth in a Qualified Domestic Relations Order the defendant had obtained in the divorce action. The gist of the instant action was that the defendant made misrepresentations to the matrimonial court to obtain greater support than she was genuinely entitled to receive. Upon converting that branch of the defendant's motion which was for dismissal of the complaint to one for summary judgment (*see,* CPLR 3211 [c]), the Supreme Court denied that branch of the motion because it was not supported by an affidavit of a person having knowledge of the facts as required by CPLR 3212 (b). We now reverse.

The plaintiff's complaint failed to set forth any cognizable

claim for defamation. Defamation may be defined, *inter alia*, as words which tend to expose one to public hatred, shame, contempt or ridicule (*see, Kimmerle v New York Evening Journal,* 262 NY 99). The defendant's opinions about the plaintiff's financial circumstances and his alleged resistance to paying ordered support simply do not rise to the level of actionable defamation. Even if the defendant's representations were false and induced the matrimonial court to award her excessive support, the plaintiff cannot collaterally attack any orders in the matrimonial action via this action (*see, McMurray v McMurray,* 163 AD2d 280).

Assuming that the defendant's statements were otherwise actionable, they all were pertinent to the parties' divorce litigation and thus were absolutely privileged (*see, Impallomeni v Meiselman, Farber, Packman & Eberz,* 272 AD2d 579; *Ulrich v Hausfeld,* 269 AD2d 526; *Goldfeder v Weiss,* 250 AD2d 731). As a matter of public policy, they may not serve as the basis for the imposition of liability in a defamation action (*see, Toker v Pollak,* 44 NY2d 211; *Matter of Dunn v Ladenburg Thalmann & Co.,* 259 AD2d 544). Accordingly, the Supreme Court should have granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) (*see, Impallomeni v Meiselman, Farber, Packman & Erbez, supra*); there was no need to convert the motion to one for summary judgment. Having nevertheless done so, the court erred in denying the motion, as the defendant established her entitlement to judgment as a matter of law upon the tender of an affirmation of her attorney and pleadings and other documentary evidence from the divorce action (*see, Olan v Farrell Lines,* 64 NY2d 1092; *Finnegan v Staten Is. Rapid Tr. Operating Auth.,* 251 AD2d 539; *Fowler v New York City Tr. Auth.,* 245 AD2d 416).

Furthermore, the plaintiff's claims are so patently meritless that the court also erred in denying that branch of the motion which was to impose a sanction. Conduct is frivolous if it is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]; *see, Baghaloo-White v Allstate Ins. Co.,* 270 AD2d 296; *Italian Am. Civic Assn. v Cataldo,* 256 AD2d 552), or if it was undertaken primarily to harass another litigant (*see,* 22 NYCRR 130-1.1 [c] [2]; *McMurray v McMurray, supra*). Because the plaintiff's claims fall within the definition of frivolous, we remit the matter for a hearing on the issue of the appropriate sanction to be imposed. Ritter, J. P., Krausman, S. Miller and Florio, JJ., concur.