■ Luis Alzate, Respondent, v Trustees of the Masonic Hall Asylum Fund, Appellant. (And a Third-Party Action.) [757 NYS2d 17] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about March 8, 2002, which, inter alia, denied defendant's motion for summary judgment dismissing plaintiff's claims under Labor Law § 240 (1) and § 202 and granted plaintiff's cross motion for summary judgment on the claim under Labor Law § 240 (1), unanimously affirmed, without costs.

Summary judgment as to liability was properly granted with respect to plaintiff's Labor Law § 240 (1) claim inasmuch as plaintiff's fall while preparing to wash external windows on the 19th floor of defendant's building was occasioned, at least in substantial part, by the failure of an improperly anchored safety belt to provide plaintiff with adequate protection (*see Podbielski v KMO-361 Realty Assoc.*, 294 AD2d 552 [2002], *lv denied* 98 NY2d 613 [2002]; *Stein v Yonkers Contr.*, 244 AD2d 474 [1997]; *DiMuro v Town of Babylon*, 210 AD2d 373 [1994]).

While, as defendant points out, comparative negligence is relevant in assigning liability under Labor Law § 202 (*see Bauer v Female Academy of Sacred Heart*, 97 NY2d 445, 452 [2002]), summary judgment dismissing plaintiff's Labor Law § 202 claim would not have been appropriate since the evidence raises a question of fact whether, as defendant contends, error on plaintiff's part was a substantial cause of the accident. Concur—Buckley, P.J., Tom, Rosenberger, Lerner and Marlow, JJ.

■ In the Matter of D./B. Children. Socorro B., Appellant; Commissioner of the Administration for Children's Services, Respondent, et al., Respondent. [755 NYS2d 606] —Appeal from orders of disposition, Family Court, Bronx County (Marjory Fields, J.), entered on or about June 6, 1997, which orders, to the extent appealed from as limited by the briefs, placed the subject children in the custody of the Commissioner of the Administration for Children's Services for six months, unanimously dismissed as moot, without costs.

Inasmuch as the placements directed in the subject order have expired and have been superseded by subsequent court-ordered placements, the appeal is moot (*see Matter of Kayvonne S.*, 294 AD2d 118 [2002]; *Matter of Rosalie C.*, 254 AD2d 40 [1998]). Concur—Buckley, P.J., Tom, Rosenberger, Lerner and Marlow, JJ.