(March 31, 2005)

JACINTO URBANO, Respondent, v PAVARINI CONSTRUCTION Co., INC., Appellant, and MADISON 45 LLC, Respondent. PAVARINI CONSTRUCTION Co., INC., Third-Party Plaintiff-Appellant, v GENERAL INDUSTRIAL SERVICES CORP., Third-Party Defendant-Respondent. (And Another Action.) [792 NYS2d 425]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered June 24, 2004, which, to the extent appealed from, granted plaintiff's motion for summary judgment as to liability

upon his Labor Law 240 (1) claim, and denied Pavarini's cross motion seeking summary judgment upon its third-party claim for contractual indemnification as against plaintiff's employer General Industrial Services Corp. (GIS), unanimously affirmed, with costs.

The evidence demonstrated without contradiction that plaintiff, while engaged in demolition work at a construction site, fell some 30 feet and sustained injuries when the defectively constructed outrigger scaffold upon which he was stationed gave way and his improperly secured lifeline failed. Liability under Labor Law § 240 (1) was thus established against defendant building owner Madison and defendant general contractor Pavarini (*see Desouter v HRH Constr. Corp.*, 216 AD2d 249 [1995]; *and see Alzate v Trustees of Masonic Hall Asylum Fund*, 303 AD2d 229 [2003]). Pavarini's cross motion seeking contractual indemnification from plaintiff's employer GIS was properly denied since the record discloses the existence of factual issues as to whether Pavarini was in some measure responsible for the defectively constructed scaffolding (*see Correia v Professional Data Mgt.*, 259 AD2d 60, 64 [1999]).

We have considered appellant's remaining contentions and find them unavailing. Concur—Buckley, P.J., Tom, Marlow, Gonzalez and Catterson, JJ. [*See* 6 Misc 3d 1028(A), 2004 NY Slip Op 51834(U) (2004).]