SUMMARY ORDER
Plaintiff-appellant Leonides Gervacio (“plaintiff’) appeals from a July 9, 2008 judgment of the District Court, which granted the motion of the defendants Bar *639 ry S. Zall (“Zall”) and MMCA Leasing, Ltd. (“MMCA”) for summary judgment. Plaintiff filed the underlying action in the Supreme Court of the State of New York, New York County, and the defendants removed the case to federal court in March 2005. Plaintiff asserted claims for negligence against both defendants arising from a traffic accident in New York City. On appeal, plaintiff primarily argues the following points: (1) that he is entitled to the benefit of a lesser burden of proof in responding to a motion for summary judgment on account of his amnesia, allegedly caused by the accident in question; (2) that the District Court erred in finding that “contradictions” in Zall’s testimony did not create a genuine issue of material fact; and (B) that the District Court erred in not considering the contents of a police report prepared shortly after the accident. We assume the parties’ familiarity with the remaining factual and procedural history of the case.
We review a district court’s grant of summary judgment de novo, construing all facts in favor of the non-moving party. See, e.g., Graves v. Finch Pruyn & Co., 457 F.3d 181, 183 (2d Cir.2006); Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir.2005). Summary judgment is appropriate only upon a showing “that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c).
With respect to plaintiff’s first argument, the District Court observed that “[u]nder Noseworthy v. City of New York, 298 N.Y. 76, 80 N.E.2d 744 (1948), an amnesiac plaintiff may be held to relaxed standards of evidentiary proof on summary judgment” but that where “ ‘there is absolutely no showing of facts from which negligence may be inferred, the Nosewor-thy rule is inapplicable.’ ” Gervacio v. Zall, No. 05-cv-3224, slip op. at 7-8 (S.D.N.Y. July 8, 2008) (quoting Mildner v. Wagner, 89 A.D.2d 638, 453 N.Y.S.2d 100, 101 (1982)). It also explained that, to invoke the rule, “a plaintiff must ‘present expert evidence, establishing, by clear and convincing evidence, his memory loss and its causal relationship to the defendants’ conduct.’” Id. at 8 (quoting Luscher v. Arrua, 21 A.D.3d 1005, 801 N.Y.S.2d 379 (2005)). We agree with the District Court that plaintiff’s “failure] to put forth any evidence in support of his position that Defendant Zall” was negligent renders No-seworthy inapposite and note that, in any event, plaintiff failed to supply any expert evidence demonstrating the existence of his amnesia or a causal relationship with the collision with Zall. Id. at 17-18.
Turning to plaintiffs second argument, we agree with the District Court that the purported “contradictions” or “inconsistencies” in Zall’s testimony do not create a genuine issue of material fact. Zall testified consistently that he observed the traffic signal turn green as he approached the intersection of 94th Street and First Avenue and then turn yellow, and finally red, as he entered the intersection and began to turn onto First Avenue. Plaintiffs contention that the light could not possibly have turned from red, to green and back to red again in such a short span of time is unsupported by any evidence and rests instead upon “ ‘mere speculation or conjecture.’ ” See id. at 7 (quoting Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir.1986)).
Plaintiffs third and final argument is that the District Court erred in failing to consider the contents of a police report prepared soon after the accident. According to plaintiff, a diagram in the report depicts the scene of the accident at the time that police arrived and, furthermore, that depiction, along with other statements in the report, contradict defen *640 dant Zall’s testimony about his conduct after the collision. Consideration of the police report, however, would have been inappropriate in light of plaintiffs failure to lay any foundation for the applicability of a hearsay exception, or even to establish what the diagram purports to depict. Cf. Fed.R.Evid. 803(8) advisory committee’s note (“Police reports have generally been excluded except to the extent to which they incorporate firsthand observations of the officer.”) (emphasis added); Fed. R.Evid. 803(6) advisory committee’s note (noting that information in a police report supplied by a bystander ordinarily is inadmissible). Absent some foundation, it is unclear whether the diagram depicts the scene as it appeared upon the police officer’s arrival or whether it is based upon a description of how the accident occurred according to another officer, an eyewitness or even one of the parties. Furthermore, we agree with the District Court that Zall’s conduct after the accident is irrelevant to whether he acted negligently in the moments leading up to the collision. Ger-vasio, No. 05-cv-3224, slip op. at 15.
CONCLUSION
We have considered all of the plaintiffs arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.