■ MICHAEL MARAGOS, Plaintiff, v TETSUYA SAKURAI, Appellant, et al., Defendant. [938 NYS2d 908]—

CPLR 3212 (b) requires that a motion for summary judgment must be supported by, among other things, an affidavit "by a person having knowledge of the facts." Notwithstanding this requirement, however, where a moving party supports a summary judgment motion with an attorney's affirmation, deposition testimony, and other proof, the failure to submit an affidavit by a person with knowledge of the facts is not necessarily fatal to the motion (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Olan v Farrell Lines*, 64 NY2d 1092, 1093 [1985]; *Carniol v Carniol*, 288 AD2d 421, 422 [2001]; *Finnegan v Staten Is. R.T. Operating Auth.*, 251 AD2d 539, 540 [1998]; *see also Fowler v New York City Tr. Auth.*, 245 AD2d 416 [1997]; *Standard Fruit & S.S. Co., Div. of Castle & Cooke v Russo*, 67 AD2d 970, 970 [1979]). Here, the motion of the defendant Tetsuya Sakurai (hereinafter the appellant) was supported by, among other things, an attorney's affirmation, all of the pleadings, and the transcripts of the deposition testimony of the three parties to this action. Contrary to the Supreme Court's determination, under the circumstances of this case, the absence of an affidavit, while a defect in the appellant's motion, was not fatal to the motion (*see Alvarez v Prospect Hosp.*, 68 NY2d at 325; *Olan v Farrell Lines*, 64 NY2d at 1093; *Carniol v Carniol*, 288 AD2d at 422; *Finnegan v Staten Is. R.T. Operating Auth.*, 251 AD2d at 540; *see also Fowler v New York City Tr. Auth.*, 245 AD2d at 416; *Standard Fruit & S.S. Co., Div. of Castle & Cooke v Russo*, 67 AD2d at 970).

Turning to the merits, the operator of a motor vehicle has a duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident (*see Balducci v Velasquez*, 92 AD3 — [2d Dept 2012]; *Johnson v Phillips*, 261 AD2d 269, 271 [1999]). Here, in support of his summary judgment motion, the appellant made a prima facie showing that he did not breach this duty in connection with the subject accident. The appellant submitted evidence in the form of the parties' de-

position testimony establishing that he was decelerating as he was approaching his exit, and the vehicle in front of his was slowing down, when the plaintiff's vehicle, which had been struck in the rear by the vehicle of the defendant Mark E. Gargano, was propelled into the appellant's vehicle, striking it in the rear. Neither the plaintiff nor Gargano opposed the appellant's motion and, thus, no triable issue of fact was raised in opposition. Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the second amended complaint and all cross claims insofar as asserted against him. Rivera, J.P., Dickerson, Chambers and Austin, JJ., concur.