■ Joseph Vetrano et al., Appellants, v J. Kokolakis Contracting, Inc., Defendant/Third-Party Plaintiff-Respondent. Derek K. Miller Enterprises, Inc., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [954 NYS2d 646]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 1, 2011, which denied their motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and (2), as limited by their brief, from so much of an order of the same court dated January 24, 2012, as, in effect, upon renewal, adhered to the determination in the order dated June 1, 2011, and denied their separate motion to sever the third-party action from the main action.

Ordered that the appeal from the order dated June 1, 2011, is dismissed, as that order was superseded by the order dated January 24, 2012, in effect, made upon renewal; and it is further,

Ordered that the order dated January 24, 2012, is modified, on the law, by deleting the provision thereof, in effect, upon renewal, adhering to the determination in the order dated June 1, 2011, denying the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor a provision, upon renewal, vacating the order dated June 1, 2011, and thereupon granting that motion; as so modified, the order dated January 24, 2012, is affirmed insofar as appealed from, and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

Joseph Vetrano (hereinafter the injured plaintiff) sustained injuries when he fell approximately 12 to 13 feet from a steel beam while working as an ironworker at a construction site in Farmingdale. At the time of the accident, he was employed by the third-party defendant Derek K. Miller Enterprises, Inc. (hereinafter Miller). The injured plaintiff, and his wife suing derivatively, commenced this action against J. Kokolakis Contracting, Inc. (hereinafter Kokolakis), the general contractor for the project. In September 2009, Kokolakis commenced a third-party action against the third-party defendant Canatal Industries, Inc. (hereinafter Canatal), the subcontractor it hired to erect the steelwork, and Miller, to which Canatal subcontracted the work, but thereafter, by stipulation dated December 6, 2009, agreed to discontinue the third-party action. Subsequently, the plaintiffs moved for summary judgment on the issue of liability on their cause of action alleging a violation of Labor Law § 240 (1). Kokolakis recommenced the third-party action against Canatal and Miller. By order dated June 1, 2011, the Supreme Court denied the plaintiffs' motion. The plaintiffs moved for leave to renew the motion and, separately, to sever the third-party action from the main action. By order dated January 24, 2012, the Supreme Court, in effect, granted that branch of the plaintiffs' motion which was for leave to renew and, upon renewal, adhered to its original determination. The Supreme Court also denied the plaintiffs' separate motion to sever the third-party action.

The plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on the Labor Law § 240 (1) cause of action. In order to prevail on a cause of action pursuant to Labor Law § 240 (1), a plaintiff must establish that an owner or contractor failed to provide appropriate safety devices at an elevated work site and that such violation of the statute was the proximate cause of his or her injuries (see *Ramsey v Leon D. DeMatteis Constr. Corp.*, 79 AD3d 720, 722 [2010]). Here, the injured plaintiff's deposition testimony established that he had

not been provided with appropriate safety devices that could have prevented his fall and that the lack of such devices was the proximate cause of the accident. Specifically, in order to perform his assigned task to establish connections between steel beams, the injured plaintiff walked along the top of a steel beam. He wore a safety harness with a hook that could be attached to a safety line. At the first location where he worked, he attached himself to a safety line. However, as he walked along the beam to a second location, about 20 feet away, no safety lines were available. Moreover, there was no safety netting below. The injured plaintiff slipped on what he believed was ice on the beam and fell to the floor below.

Contrary to Kokolakis's contention, the plaintiffs' original motion was sufficiently supported by the affidavit of the injured plaintiff's coworker, who had personal knowledge of the facts (see Federal Fin. Co. v Levine, 281 AD2d 454, 455 [2001]; CPLR 3212 [b]). In any event, the failure to submit an affidavit by a person with knowledge of the facts is not necessarily fatal to a motion where, as here, the moving party submits other proof, such as deposition testimony with an attorney's affirmation (see Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]; Olan v Farrell Lines, 64 NY2d 1092, 1093 [1985]; Maragos v Sakurai, 92 AD3d 922, 923 [2012]; Finnegan v Staten Is. R.T. Operating Auth., 251 AD2d 539, 540 [1998]; Woods v Zik Realty Corp., 172 AD2d 606, 606 [1991]).

Furthermore, the injured plaintiff's unsigned but certified deposition transcript was admissible since, in submitting the transcript in support of his own motion, the plaintiff, in effect, adopted it as accurate (see Rodriguez v Ryder Truck, Inc., 91 AD3d 935, 936 [2012]; Ashif v Won Ok Lee, 57 AD3d 700, 700 [2008]). The deposition transcript of Bernard Mulligan, Kokolakis's superintendent, was also admissible since, although unsigned, it was certified and Kokolakis did not challenge its accuracy in its opposing papers (see Boadu v City of New York, 95 AD3d 918, 919 [2012]; Rodriguez v Ryder Truck, Inc., 91 AD3d at 936; Zalot v Zieba, 81 AD3d 935, 936 [2011]; Bennett v Berger, 283 AD2d 374, 375 [2001]). Kokolakis's contention that Mulligan's deposition testimony was insufficient to establish, prima facie, that Kokolakis was a general contractor within the meaning of Labor Law § 240 (1) is without merit.

In opposition to the plaintiffs' prima facie showing, Kokolakis and Miller failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, as a third-party defendant, Miller may properly raise the issue of whether the injured plaintiff's conduct was the sole proximate cause of his fall (see CPLR 1008;

*JP Morgan Chase Bank, N.A. v Strands Hair Studio, LLC*, 84 AD3d 1173, 1173 [2011]). However, Miller failed to raise a triable issue of fact in that regard (*see Gallagher v New York Post*, 14 NY3d 83, 88-89 [2010]; *Andresky v Wenger Constr. Co., Inc.*, 95 AD3d 1247, 1249 [2012]). Accordingly, upon renewal, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) (*see Stein v Yonkers Contr.*, 244 AD2d 474, 475 [1997]; *Delaney v Spiegel Assoc.*, 225 AD2d 1102, 1102-1103 [1996]; *DiMuro v Town of Babylon*, 210 AD2d 373, 374 [1994]).

However, the Supreme Court properly denied the plaintiffs' separate motion to sever the third-party action from the main action (*cf. Singh v City of New York*, 294 AD2d 422, 423 [2002]).

Kokolakis's and Miller's remaining contentions are without merit, need not be reached, or are improperly raised for the first time on appeal. Balkin, J.P., Roman, Sgroi and Cohen, JJ., concur.