Masmalaj v New York City Economic Dev. Corp. (2021 NY Slip Op 05119)





Masmalaj v New York City Economic Dev. Corp.


2021 NY Slip Op 05119


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-08536
 (Index No. 7555/14)

[*1]Albert Masmalaj, respondent, 
v
New York City Economic Development Corporation, et al., appellants, et al., defendant (and a third-party action).


Baxter Smith & Shapiro, P.C., New York, NY (Sim Shapiro of counsel), for appellants.
Lipsig, Shapey, Mans & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant West Rac Contracting Corp. appeals, and the defendants New York City Economic Development Corporation, New York City Department of Small Business Services, and City of New York separately appeal, from an order of the Supreme Court, Kings County (Martin Solomon, J.), dated July 11, 2017. The order granted the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendants West Rac Contracting Corp. and City of New York.
ORDERED that the order is affirmed, with costs.
The defendant West Rac Contracting Corp. (hereinafter West Rac) was the general contractor on the construction of a building at a property owned by the defendant City of New York. The plaintiff was employed by a carpentry subcontractor and, at the time of the accident, his assigned work required him to stand on a Baker scaffold to install ceiling tracks on a 10- to 12-foot ceiling. As the plaintiff was attempting to move the scaffold while standing on the platform, the scaffold toppled over and the plaintiff fell 5 to 6 feet to the cement floor below. After the accident, the plaintiff noticed that one of the wheels of the scaffold was completely detached from it.
The plaintiff commenced this action against, among others, West Rac, and New York City Economic Development Corporation, New York City Department of Small Business Services, and the City (hereinafter collectively the City defendants). The plaintiff moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against West Rac and the City. West Rac and the City defendants opposed the motion. By order dated July 11, 2017, the Supreme Court granted the motion.
As a threshold matter, contrary to the contention of West Rac and the City defendants, the plaintiff's motion papers, which were supported by affidavits from persons having knowledge of the facts but did not include other proof such as deposition transcripts, were not procedurally [*2]defective (see CPLR 3212[b]; cf. Notskas v Longwood Assoc., LLC, 112 AD3d 599, 599-600; Vetrano v J. Kokolakis Contr., Inc., 100 AD3d 984, 986; Maragos v Sakurai, 92 AD3d 922, 923).
To establish liability pursuant to Labor Law § 240(1), a plaintiff must demonstrate a violation of the statute and that such violation was a proximate cause of his or her injuries (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287-289). "A worker's comparative negligence is not a defense to a cause of action under Labor Law § 240(1)" (Cruz v Roman Catholic Church of St. Gerard Magella in Borough of Queens in the City of N.Y., 174 AD3d 782, 783).
"Once the plaintiff makes a prima facie showing the burden then shifts to the defendant, who may defeat plaintiff's motion for summary judgment only if there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 289 n 8).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that he was engaged in work within the ambit of the statute and that his injuries were proximately caused by "the absence or inadequacy of a safety device of the kind enumerated in the statute" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268; see Guanopatin v Flushing Acquisition Holdings, LLC, 127 AD3d 812, 813). Among other things, the plaintiff demonstrated that he was directed to work on a Baker scaffold in order to perform his task of installing tracks on the ceiling, that the scaffold he was using was the only scaffold available to him, that as he was working without assistance, he tried to move the scaffold while he was standing on it, and that after the scaffold toppled over he observed that one of its wheels was detached. The plaintiff also submitted the affidavit of his foreman, Wojcjeck Grabowy, who averred, in relevant part, that there were no nuts and bolts securing the wheels to the scaffold, and that the wheels were kept in place with the use of wire. Shortly after the accident, Grabowy also observed that one of the wheels of the scaffold had become detached from its frame.
In opposition to the plaintiff's prima facie showing, West Rac and the City defendants failed to present a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that the plaintiff's own acts or omissions were the sole cause of the accident (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 289 n 8).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against West Rac and the City.
The remaining contentions of West Rac and the City defendants are without merit.
CHAMBERS, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court