■ In the Matter of COMMERCE AND INDUSTRY INSURANCE COMPANY, Appellant, v SUZANNE NESTER, Respondent. [646 NYS2d 527] —In a proceeding to stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Nassau County (McCabe, J.), dated September 24, 1993, which dismissed the proceeding and directed the parties to proceed to arbitration.

Ordered that the appeal is dismissed, without costs or disbursements.

The appellant participated in the arbitration following the Supreme Court's denial of its application for a stay, and it has therefore forfeited its right to appellate review of the Supreme Court's judgment (*see, Matter of Beagle [MVAIC],* 19 NY2d 834; *Matter of State Farm Mut. Auto. Ins. Co. v Blumen,* 221 AD2d 548; *Matter of Nationwide Mut. Ins. Co. v Rothbart,* 220 AD2d 509). Copertino, Santucci and Hart, JJ., concur.

Balletta, J. P., concurs in the result only, with the following memorandum: concur in the decision to dismiss the appeal on constraint of *Matter of Beagle (MVAIC)* (19 NY2d 834) and related cases (*see, e.g., Matter of State Farm Mut. Auto. Ins. Co. v Blumen,* 221 AD2d 548; *Matter of Nationwide Mut. Ins. Co. v Rothbart,* 220 AD2d 509).

However, in view of the fact that there exists another line of cases which stand for the general rule that coverage cannot be created by estoppel (*see, e.g., Zappone v Home Ins. Co.,* 55 NY2d 131; *Matter of Fireman's Fund Ins. Co. v Freda,* 156 AD2d 364), that rule should be applicable in a case such as the instant one where the insurer participated in the arbitration only after unsuccessfully seeking a stay of arbitration upon the ground that no coverage existed under the policy.