[663 NYS2d 356]

In the Matter of the Arbitration between McNamee, Lochner, Titus & Williams, P. C., Appellant, and Bethany M. Killeen, Respondent.

Third Department, October 16, 1997

## APPEARANCES OF COUNSEL

*McNamee, Lochner, Titus & Williams, P. C.,* Albany *(Bruce J. Wagner* of counsel), for appellant.

*Bethany M. Killeen,* Schenectady, respondent *pro se.*

### OPINION OF THE COURT

SPAIN, J.

This matter involves a disputed bill in the amount of $5,595 for unpaid legal services and disbursements incurred on respondent's behalf by petitioner, a law firm, which had been retained by respondent to represent her in a contested matrimonial action. Following an arbitration proceeding pursuant to 22 NYCRR part 136 (*see also,* 22 NYCRR 1400.7), a three-member arbitration panel rendered a determination absolving respondent of the $5,595 in charges. Petitioner commenced this proceeding in Supreme Court to vacate the determination (*see,* CPLR 7511; 22 NYCRR 136.8); the petition was denied, prompting this appeal.

Initially, we find merit in petitioner's contentions that by absolving respondent of her obligation to pay the disputed charges, the panel exceeded its powers and that the award was so imperfectly executed that a final and definite award was not made (*see,* CPLR 7511 [b] [1] [iii]). Insofar as the nature of an attorney's fee dispute arbitration proceeding conducted under 22 NYCRR part 136 is compulsory (*see,* 22 NYCRR 136.10), our review requires us to determine if the award is supported by evidence or other basis in reason appearing in the record (*see generally, Mount St. Mary's Hosp. v Catherwood,* 26 NY2d 493, 508). Here, the burden was on petitioner "to prove the reasonableness of the fee by a preponderance of the evidence" (22 NYCRR 136.6 [b]; *see, McMahon v Evans,* 169 Misc 2d 509). Significantly, the arbitration award is silent as to the reasons supporting the panel's determination and, although not

required, a transcript of the arbitration hearing is not available for our review (*see*, 22 NYCRR 136.6 [a]).

The parties' submissions before Supreme Court confirm that respondent did not challenge the reasonableness of any aspect of the disputed bill during the arbitration proceedings. Rather, she claimed that, in view of the lack of progress in her case, the total amount petitioner had charged her since the inception of her case was excessive. However, we note that by signing the retainer agreement, respondent agreed to pay an hourly fee for legal services rendered on her behalf and to reimburse petitioner for all related expenses. This obligation to pay was not conditioned on nor linked to the progress, outcome or result of the matrimonial proceedings. In our view, the evidence before this court demonstrates that respondent agreed, pursuant to the retainer agreement, to pay for all legal services and disbursements expended on her behalf and incurred after her initial retainer payment had been depleted, that the charges set forth in the disputed bill were reasonable and, significantly, that respondent failed to refute the reasonableness of any of these charges during the arbitration proceedings.

Although we are cognizant of an arbitrator's inherent power to fashion an equitable remedy as the circumstances may dictate (*see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308), on the record before us and in the absence of any explanation, we find no support for the panel's decision to relieve respondent of her obligation to pay the disputed bill. Respondent's assertion that petitioner, in the retainer contract, agreed to abide by the determination of the arbitration panel is without merit. The written retainer agreement merely states that respondent has the right to seek arbitration in the event of a fee dispute as set forth in part 136 of the Rules of the Chief Administrator pursuant to 22 NYCRR 136.2 and 1400.7.

Accordingly, we find that the panel exceeded its powers in making an imperfectly executed award and, therefore, reverse the order appealed from, vacate the award and remit the matter for a rehearing and redetermination (*see*, CPLR 7511 [d]).

Cardona, P. J., Mercure and Peters, JJ., concur.

Ordered that the order is reversed, on the law, without costs, motion granted, award vacated and matter remitted to the arbitration panel for rehearing and redetermination.