■ ITALIAN AMERICAN CIVIC ASSOCIATION OF MINEOLA, N. Y., INC., Respondent, v SALVATORE A. CATALDO, Appellant. [682 NYS2d 436] —In an action pursuant to Not-For-Profit Corporation Law § 202 (a) (2), the defendant appeals from an order of the Supreme Court, Nassau County (Feuerstein, J.), entered October 14, 1997, which denied his motion to vacate and set aside a prior order and a prior judgment of the same court (Phelan, J.), dated March 2, 1993, and March 23, 1993, respectively, and granted the plaintiff's cross motion for attorney's fees and sanctions pursuant to 22 NYCRR 130-1.1. By decision and order dated October 13, 1998, the order was affirmed, and counsel for the respective parties were directed to show cause why an order should not be made and entered imposing such sanctions and/or costs, if any, against the defen-

dant and/or his counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court deemed appropriate.

Upon the order to show cause and the papers submitted in opposition or relation thereto, it is

Ordered that within 20 days after service upon him of a copy of this decision and order with notice of entry the appellant's attorney Ronald J. Chisena is directed to personally pay sanctions in the sum of $1,500 to the Lawyers' Fund for Client Protection of the State of New York for his conduct in pursuing a frivolous appeal; and it is further,

Ordered that the Clerk of the Supreme Court, Nassau County, shall enter judgment accordingly (*see,* 22 NYCRR 130-1.2).

In March 1995 this Court affirmed an order of the Supreme Court, Nassau County, dated March 2, 1993, which granted the plaintiff's motion for a permanent injunction (*see, Italian Am. Civic Assn. v Cataldo,* 213 AD2d 513). On two separate occasions since then the defendant has appealed from orders of the Supreme Court, Nassau County, which, *inter alia* denied his applications to set aside the judgment dated March 23, 1993, entered upon the order dated March 2, 1993. This Court dismissed the first of these appeals (*see, Italian Am. Civic Assn. v Cataldo,* 220 AD2d 483), and on the second appeal we affirmed the order appealed from (*see, Italian Am. Civic Assn. v Cataldo,* 225 AD2d 733). Under the circumstances presented the appellant's counsel has engaged in frivolous conduct pursuant to 22 NYCRR 130-1.1 (c) (1), (2), in prosecuting the instant appeal and sanctions should be imposed. Bracken, J. P., Copertino, Goldstein and McGinity, JJ., concur.