▮ In the Matter of the Arbitration between McNAMEE, LOCHNER, TITUS & WILLIAMS, P. C., Respondent, and BETHANY M. KILLEEN, Appellant. [700 NYS2d 525] —Spain, J. Appeal from an order of the Supreme Court (Lang, Jr., J.), entered July 15, 1998 in Albany County, which, *inter alia*, granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

This proceeding concerns a fee dispute between petitioner, a law firm, and respondent, its client. Following compulsory arbitration (*see*, 22 NYCRR 136.10), a three-member arbitration panel rendered a determination in November 1996 absolving respondent of responsibility for the disputed amount, $5,595. Supreme Court, by decision entered March 7, 1997, denied petitioner's motion pursuant to CPLR 7511 to vacate the determination (*see*, 22 NYCRR 136.8). We reversed pursuant to CPLR 7511 (b) (1) (iii) and granted petitioner's motion to vacate the award, concluding that there was no evidence or basis in reason appearing in the record for the award and, thus, it exceeded the arbitrators' powers (235 AD2d 17, 18). Upon vacating the award, we remitted the entire matter of the reasonableness of the disputed fee to the same arbitration panel for a rehearing and redetermination (*see*, CPLR 7511 [d]; *see also*, 22 NYCRR 136.6 [b]).

The arbitration panel conducted a de novo hearing pursuant

to 22 NYCRR part 136 at which two of petitioner's attorneys and respondent testified under oath, the parties' evidence was received and arguments were heard. The panel, by written decision, again concluded that the fee petitioner charged to respondent for legal services "did not meet the test of reasonableness" (see, 22 NYCRR 136.6 [b]). Supreme Court, however, by decision and order entered July 15, 1998, granted petitioner's application pursuant to CPLR 7511 (b) (1) (iii) to vacate this second arbitration determination. The court reasoned that the arbitration panel had failed to follow our prior decision vacating the first award and remitting the matter for a rehearing and redetermination (see, 235 AD2d 17, supra), which Supreme Court interpreted as deciding the issue of the reasonableness of the disputed fee in petitioner's favor. On respondent's appeal, we reverse and deny petitioner's motion to vacate the award, and confirm the award (see, CPLR 7511 [e]).

Where, as here, the parties are obligated to submit their dispute to arbitration (see, 22 NYCRR 136.10; see also, Code of Professional Responsibility DR 2-106 [E] [22 NYCRR 1200.11 (e)]), the arbitral decision will be upheld if the award has evidentiary support and is neither arbitrary nor capricious (see, Matter of Motor Vehicle Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223-224; Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 211; Mount St. Mary's Hosp. v Catherwood, 26 NY2d 493, 508). Upon our limited review, we cannot conclude that the arbitrators' decision that the disputed fee was not reasonable was arbitrary and capricious, irrational or without basis in reason (see, Matter of Motor Vehicle Acc. Indem. Corp. v Aetna Cas. & Sur. Co., supra, at 223-224). The arbitration panel, inter alia, reviewed petitioner's work performance, fee schedule, billing history and services rendered in this case and heard the testimony of the relevant parties, determining that petitioner had not met its burden of demonstrating the reasonableness of its fee for the services rendered (see, 22 NYCRR 136.6 [b]). We perceive no basis upon which to conclude that the award lacked evidentiary support, such that the panel exceeded its powers and so as to justify judicial interference or vacatur of its award (see, CPLR 7511 [b] [1] [iii]).

Notably, while the dissent concludes that the arbitration panel's determination was arbitrary and capricious, the dissent does not suggest or cite any support for its implicit conclusion that petitioner met its burden of proof of demonstrating by a preponderance of evidence that the fees charged for the ser-

vices rendered to respondent were reasonable (*see*, 22 NYCRR 136.6 [b]). In making its determination, the panel did not merely conclude that it was not bound by petitioner's fee schedule but, rather, having reviewed the parties' testimony and evidence, concluded that the schedule was not a reasonable one.* There is absolutely no basis upon which to conclude that the panel considered any inappropriate factors in reaching this conclusion and, indeed, the panel's recitation of the evidence it considered—including the status of respondent's matrimonial action, which status was not in dispute—would strongly support the conclusion that it took into consideration the relevant factors which merely guide the analysis of the reasonableness of counsel fees (*see*, Code of Professional Responsibility DR 2-106 [B] [22 NYCRR 1200.11 (b)]). A panel undertaking this analysis in such a fee dispute is not required to recite or expressly refer to the guiding criteria or to list its findings of fact for a reviewing court to be able to perform meaningful review and to discern that there is a basis in the evidence for the panel's determination, although such references are undoubtedly helpful. In our view, the panel's reference to respondent's background and experience was clearly not intended to "answer the question" of the reasonableness of the fee but, rather, to refute the suggestion that her consent to the terms of the retainer agreement indicated their reasonableness.

A review of the panel's written determination demonstrates that it had a rational, plausible basis founded upon the recited evidence and testimony presented and was not made "without regard to the facts" or "without sound basis in reason" (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; *see, Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207, 211, *supra; Caso v Coffey*, 41 NY2d 153, 158). In our estimation, the arbitrators fulfilled their primary responsibility of reviewing the evidence and rendering an inherently discretionary but supportable determination, and this Court should not assume the role of overseer to vacate or mold the award to conform to our sense of justice (*see, Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629). In that regard, it cannot be said that the arbitrators "exceeded [their] power", a necessary conclusion to justify vacating this award (CPLR 7511 [b] [1] [iii]).

---

* Notably, the fact that the retainer agreement conformed to the requirements that it detail the fee arrangement in plain language and not contain a nonrefundable fee clause (*see*, Code of Professional Responsibility DR 2-106 [C] [2] [ii] [22 NYCRR 1200.11 (c) (2) (ii)]) did not establish the reasonableness of the fees therein.

Additionally, we note that our prior decision in this matter vacated the first arbitration award and remitted the entire matter concerning this fee dispute to the arbitration panel for rehearing and redetermination without limiting the issues at the rehearing (see, CPLR 7511 [d]). Thus, the arbitration panel correctly conducted a rehearing on the pivotal issue of the reasonableness of petitioner's fee (see, 22 NYCRR 136.6 [b]), and our prior vacatur and remittal decision should not have been interpreted as having resolved that reasonableness issue, although it concededly contained broad language which—if taken out of its intended context—was susceptible of that interpretation.

Finally, our discussion in that prior decision concerning the absence of record evidence at the first hearing pertaining to the reasonableness of petitioner's fee did not bind the panel upon its rehearing to any particular determination under the doctrine of the law of the case. This Court necessarily left open the reasonableness of the fee issue by remitting for an unqualified rehearing and redetermination of that very issue and our comments as to the reasonableness of the fee are correctly viewed as dicta to our sole necessary determination that the first award was not supported by evidence or other basis in reason (see, Matter of Motor Vehicle Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223-224, supra; Mount St. Mary's Hosp. v Catherwood, 26 NY2d 493, 508, supra; see also, Papa Gino's v Plaza at Latham Assocs., 144 AD2d 172). Had this Court conclusively determined based upon the first arbitration record that the fee was reasonable, there would have been no purpose served by our unqualified remittal for a rehearing and redetermination.

Mikoll, J. P., Yesawich Jr. and Mugglin, JJ., concur.

Crew III, J. (concurring in part and dissenting in part). While I agree with the majority that our prior discussion concerning the reasonableness of petitioner's fee did not constitute the "law of the case" inasmuch as we remitted the matter for a hearing de novo, because I perceive the arbitration panel's determination to have been arbitrary and capricious, irrational and without a plausible basis, I would affirm Supreme Court's order insofar as it vacated the arbitration award and remit the matter to the panel for a further decision enunciating the reasons for its findings. It is axiomatic that to uphold an award reached after compulsory arbitration, the award "must have evidentiary support and cannot be arbitrary and capricious" (Matter of Motor Vehicle Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223). In this regard, it is incumbent upon

the arbitration panel to enunciate its factual findings and briefly describe the evidence relied upon in making such findings in order for this Court to be able to undertake a meaningful review of the award (*see, Matter of City of Yonkers v Willsea,* 141 AD2d 820).

Here, the arbitration panel made three related findings: that it was not bound by petitioner's fee schedule, that the fee charged did not meet the test of reasonableness, and that respondent had no background or experience upon which she could rely in agreeing to the initial payment made by her and the subsequent charges and fees for services rendered. There can be no doubt that the panel was not bound by petitioner's retainer agreement, but that hardly answers the question as to whether the fees charged for the services rendered were reasonable. Inasmuch as the retainer agreement containing the fee schedule in all ways conformed to the requirements of the Code of Professional Responsibility and the applicable regulations dealing therewith (*see,* Code of Professional Responsibility DR 2-106 [C] [2] [ii] [22 NYCRR 1200.11 (c) (2) (ii)]), the panel's flat rejection thereof without reciting any plausible basis for such rejection was, in my view, arbitrary and irrational.

Similarly, the panel's conclusory finding that petitioner's fees did not meet the test of reasonableness cannot withstand judicial scrutiny. In determining whether counsel fees are reasonable, one must consider such factors as the time, effort and skill required; the difficulty of the questions presented; counsel's experience, ability and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation (*see, Matter of Freeman,* 34 NY2d 1, 9; *see also,* Code of Professional Responsibility DR 2-106 [B] [22 NYCRR 1200.11 (b)]). Here, the panel made no reference to any of the criteria used in determining the reasonableness of the fee and failed to set forth any basis for its conclusion that the fee charged did not meet the test of reasonableness. Indeed, the only criteria enunciated in the award to determine reasonableness was the client's sophistication in evaluating the fee schedule, which I find to be wholly irrational. In short, inasmuch as the panel failed to reference any evidence in support of its conclusions, meaningful review of the award by this Court is, in my view, impossible. I would therefore vacate the award for lack of evidentiary support and remit for further elucidation by the panel as to the reasons for its ultimate conclusions.

Ordered that the order is reversed, on the law, without costs, motion to vacate denied and award confirmed.