■ In the Matter of TIFFANY A. SUSAN A., Appellant; SOCIETY FOR SEAMEN'S CHILDREN et al., Respondents; CAROLINE L. et al., Intervenors-Respondents. [723 NYS2d 859] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Bogacz, J.), dated January 11, 2000, as denied her cross motion to vacate the intervenor status granted to the former foster parents.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Under the circumstances of this case, we find no basis to disturb the order insofar as appealed from.

The Family Court, Queens County, is directed to complete this proceeding forthwith. Goldstein, J. P., McGinity, Feuerstein and Smith, JJ., concur.

■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v JILL ROMERO, Respondent. [718 NYS2d 871] —In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Fredman, J.), dated December 22, 1999, as determined that the respondent was entitled to recover the sum of $30,600 at arbitration.

Ordered that the appeal is dismissed, without costs or disbursements.

At oral argument, the parties admitted that they had proceeded to arbitration in this matter, and handed a copy of that determination to the Bench. Since the appellant failed to seek interim relief from this Court, and participated in the arbitration following the Supreme Court's denial of its application, it forfeited its right to appellate review of the Supreme Court's order (*see, Matter of Commerce & Indus. Ins. Co. v Nester*, 230 AD2d 795, *affd* 90 NY2d 255).

In light of our determination, we do not reach the parties' contentions. Florio, J. P., McGinity, Luciano and Feuerstein, JJ., concur.