■ KENNETH FELIX, Respondent, v HERBY REALTY CORP., Appellant. [732 NYS2d 100] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated January 22, 2001, which denied its motion, in effect, for a determination that its tender of $445,004.96 to the plaintiff constituted payment in full of a judgment entered February 25, 1997, in favor of the plaintiff, thereby entitling it to entry of a satisfaction of judgment.

Ordered that the order is affirmed, with costs; and it is further,

Ordered that the counsel for the respective parties are directed to show cause why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against the appellant and or its appellate counsel pursuant to 22 NYCRR 130-1.1 (c), as this Court may deem appropriate, by each filing an affirmation or affidavit on that issue in the office

of the Clerk of this Court and serving one copy of the same on each other on or before November 29, 2001; and it is further,

Ordered that the clerk of this Court or his designee is directed to serve counsel for the respective parties with a copy of this decision and order.

The plaintiff sustained personal injuries for which a jury found the defendant liable. A verdict was rendered in the plaintiff's favor on or about April 22, 1996, in the principal sum of $369,000. A judgment was entered on February 25, 1997, in the sum of $403,276.50, representing the principal sum of the verdict, plus costs of $1,066.50 and interest of $33,210.00. On or about July 24, 1998, the defendant tendered a check for $445,004.96 to the plaintiff, purportedly representing payment in full. The plaintiff accepted this check, but immediately protested that the defendant had failed to pay the entire amount due, as $51,210.57 in interest had accrued from the date the judgment was entered to the time of payment, leaving $9,482.11 unpaid. The defendant ignored the plaintiff's request for the additional sum until October 2000, when the unsatisfied judgment hampered the defendant's ability to sell the building against which the judgment remained docketed.

When the plaintiff's counsel rightfully rejected the defendant's unwarranted demand and refused to issue a satisfaction of judgment until the judgment was fully satisfied, the defendant moved for an order "directing the Kings County Clerk to make an entry of full satisfaction * * * of the judgment entered in this matter on February 25, 1997." The defense counsel did not attempt to demonstrate how or why its tender of $445,004.96 represented payment in full of all interest although counsel did affirm that "[i]nterest was calculated from the verdict date to the date of payment at 9%." It appears that the defense counsel sought to persuade the court that the tendered $445,004.96 constituted full payment of the judgment and all accrued interest. However, upon the plaintiff's conclusive mathematical demonstration that the defendant's tender did not satisfy all outstanding interest, the court denied the defendant's motion. The defendant appeals, and we affirm.

The three relevant provisions governing addition and computation of interest on verdicts and judgments are CPLR 5002, 5003, and 5004. In pertinent part, CPLR 5002 unambiguously provides: "[i]nterest shall be recovered upon the total sum awarded * * * from the date the verdict was rendered * * * to the date of entry of final judgment" (see, Gold v Gold, 276 AD2d 590). CPLR 5003 provides, in pertinent part: "[e]very money judgment shall bear interest from the date of its entry."

Finally, CPLR 5004 provides: "[i]nterest shall be at the rate of nine per centum per annum, except where otherwise provided by statute." In this case, the court properly concluded that the defendant's tender did not satisfy the full amount of the judgment with all accrued interest (*see, Hosmer v Distler,* 150 AD2d 974, 975; *Pollock v Collipp,* 138 AD2d 584).

On appeal, the defendant has likewise failed to demonstrate how or where the court miscalculated the interest due on the judgment. Instead, the appellant's counsel has submitted a contrived brief containing an entirely new argument challenging the court's alleged award of "compound interest" as improper. This brief expressly acknowledges that: "[s]ome commentators have taken the position that, by virtue of the interplay between CPLR 5002 and CPLR 5003, interest from the date of the verdict to the date of the judgment may be compounded" and that "a literal reading of CPLR 5002 and 5003 might support the commentators' position." The appellant's counsel then cite to numerous inapposite cases in an attempt to attack this implicit concession. The transparency of the appellate counsel's argument is best illustrated by their misleading quotation of one single out-of context sentence in the concurring opinion in *Rupert v Sellers* (65 AD2d 473, 490, *affd* 50 NY2d 881, *cert denied* 449 US 901) that "the award of compound interest is * * * improper". While that quote does appear on the cited page of the concurrence, it follows a far more relevant discussion that counsel ignores, stating: "Interest on the verdict until judgment (CPLR 5002) and interest from the date of the entry of the judgment until payment (CPLR 5003) *is, of course, recoverable* * * * Finally, the award of compound interest is also improper." (*Rupert v Sellers,* 65 AD2d 473, 490, *supra*; emphasis added.)

The foregoing raises the issue of whether the appellant's counsel submitted their brief solely to earn a fee, without acknowledging that it was self-contradictory and undermined the defendant's unsupportable position. This appeal thus has all the earmarks of being wholly frivolous as it appears to be "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c]; *see, Baghaloo-White v Allstate Ins. Co.,* 270 AD2d 296; *Italian Am. Civic Assn. v Cataldo,* 256 AD2d 552). Accordingly, affirmations or affidavits shall be submitted on the issue of whether the appeal is frivolous and, if so, what amount is appropriate as a penalty (*see, McMurray v McMurray,* 163 AD2d 280). Krausman, J. P., S. Miller, Schmidt and Crane, JJ., concur.