■ In the Matter of PAUL J. FEINER et al., Appellants, v NEW YORK STATE BOARD OF REAL PROPERTY SERVICES, Respondent. [741 NYS2d 95] —Proceeding pursuant to CPLR article 78 and RPTL 1218 to review a determination of the New York State Board of Real Property Services, dated March 28, 2000, which established a final State equalization rate of 6.63% for the 1999 assessment roll of the Town of Greenburgh.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

On March 28, 2000, the respondent, New York State Board of Real Property Services (hereinafter the Board), pursuant to RPTL article 12, established a final State equalization rate of 6.63% for the 1999 assessment roll of the petitioner Town of Greenburgh (hereinafter the Town). The petitioners thereafter commenced this proceeding to review the determination. The petitioners argue that certain procedures implemented by the Board in the calculation of the State equalization rate were "rules" within the meaning of article 2 of the State Administrative Procedure Act, and could not be enforced absent promulgation in compliance with the act (*see* State Administrative Procedure Act § 202; *see also* NY Const, art IV, § 8 [requiring rules to be filed with the Secretary of State]; Executive Law § 102).

An equalization rate is the ratio between the assessed valuation of all taxable real property within the taxing entity and the full market value of that property, expressed as a percentage (*see* RPTL 1202 [1] [a]). The State Administrative Proce-

dure Act § 102 (2) defines a "rule" as "the whole or part of each agency['s] statement, regulation or code of general applicability that implements or applies law, or prescribes a fee charged by or paid to any agency or the procedure or practice requirements of any agency." To be subject to the rule-making procedures of the act, the "rule" must enunciate a "fixed general principle that is applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute the agency administers" (*Matter of Taylor v New York State Dept. of Correctional Servs.*, 248 AD2d 799, 800). In the instant matter, as part of the procedure for the determination of the 1999 State equalization rate, the Board implemented the so-called "Merger Procedures," which applied to nonreassessment municipalities which had total vacant land (Major Type C) or commercial property (Major Type B) assessments constituting less than 10% of the total assessed value of the municipalities. For this limited class of municipalities, the Merger Procedures required that the properties in Major Types B and C be combined to form one Major Type for purposes of determining the value of those properties. Also at issue are the so-called "Substitution Procedures," which permit the Office of Real Property Services to substitute up to 75% of the sample survey parcels for appraisals.

Since the calculation of an equalization rate is a larger procedure which encompasses, among other things, the valuation of properties, a determination of which requires a certain amount of discretion and judgment (*see* 9 NYCRR 186-1.14 [b]), the Merger and Substitution Procedures were not the sole or determinative basis of the calculation of the equalization rate (*see Matter of Roman Catholic Diocese of Albany v New York State Dept. of Health,* 66 NY2d 948). Accordingly, the Merger and Substitution Procedures were not rules required to be promulgated in accordance with, inter alia, State Administrative Procedure Act § 202.

Although the petitioners raised arguments in their petition regarding the alleged substantive invalidity and illegality of the Merger and Substitution Procedures on their face, they failed to address this issue in their brief. Accordingly, this issue has been abandoned (*see Matter of Winglovitz v Agway, Inc.,* 246 AD2d 684, 685). Altman, J.P., Smith, S. Miller and Cozier, JJ., concur.