◼ In the Matter of ONE BEACON INSURANCE COMPANY, Formerly Known as COMMERCIAL UNION INSURANCE COMPANY, Appellant, v MITCHELL R. BLOCH, Respondent. [748 NYS2d 783] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the petitioner appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered September 24, 2001, which denied the petition and dismissed the proceeding.

Motion by the respondent, inter alia, to dismiss the appeal on the ground that the appellant forfeited its right to appellate review of the order appealed from when it proceeded to arbitration. By decision and order of this Court, dated May 3, 2002, the branch of the motion which was to dismiss the appeal was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Ordered that the motion is granted and the appeal is dismissed; and it is further,

Ordered that counsel for the respective parties are directed to show cause why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against the appellant and/or its appellate counsel pursuant to 22 NYCRR 130-1.1 (c), as this Court may deem appropriate, by each filing an affirmation or affidavit on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before November 22, 2002; and it is further,

Ordered that the Clerk of this Court, or his designee, is directed to serve counsel for the respective parties with a copy of this decision and order.

In *Matter of Commerce & Indus. Ins. Co. v Nester* (230 AD2d 795, *affd* 90 NY2d 255), under circumstances indistinguishable from those in this case, this Court dismissed an insurer's appeal, holding that the appellant "participated in the arbitration following the Supreme Court's denial of its application for a stay, and it has therefore forfeited its right to appellate review of the Supreme Court's judgment" (*Matter of Commerce & Indus. Ins. Co. v Nester, supra* at 795). The Court of Appeals affirmed, explaining that "once a party participates in an arbitration proceeding, without availing itself of all its reasonable judicial remedies, it should not be allowed thereafter to upset the remedy emanating from that alternative dispute resolution forum" (*Matter of Commerce & Indus. Ins. Co. v Nester, supra* at 262; *see also Matter of Allstate Ins. Co. v Romero,* 279 AD2d 522). In this case, the appellant participated in the arbitration of the respondent's underinsured motorist claim without having sought a stay pending appeal. In fact, an arbitration award of $175,000 has been made to the respondent. The appellant thus permitted the arbitration to conclude.

The appellant's assertion that it participated in the arbitration while reserving its rights to persuade the arbitrator to reconsider its stay request is without merit. The Court of Appeals rejected this very notion in *Nester* (*supra*) where it observed:

"We are unconvinced by [the insurer's] contention that its objection before the AAA or an objection before the arbitrator (the latter was not done in this case) ought to suffice to secure its passage through the arbitration process, without dissipating its pending appellate recourse. The alternative dispute resolution entities do not possess the requisite power to stay the enforcement of a court order. Therefore, the application for a temporary stay pending appeal must be deemed a necessary and appropriate step and must be directed to a judicial tribunal competent to grant such relief." (*Matter of Commerce & Indus. Ins. Co. v Nester, supra* at 264). Accordingly, the appellant's contentions are patently without merit and the appeal must be dismissed.

Pursuant to 22 NYCRR 130-1.1, this Court has the discretion to make an award of costs or sanctions for frivolous conduct. Frivolous conduct includes advancing an argument that "is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]). Here, the Court of Appeals' *Nester* decision leaves little doubt that the appellant and its attorneys should have known better than

to pursue this appeal in abject disregard of controlling authority squarely on point compelling the dismissal of this appeal (*see Carniol v Carniol,* 288 AD2d 421, 422; *Felix v Herby Realty Corp.,* 287 AD2d 683, 685; *Solomon v Bartley,* 207 AD2d 391). Furthermore, the appellant's collateral estoppel claim, which is the linchpin of its appellate argument, appears to be equally frivolous, and the appellant has wholly ignored the respondent's dispositive argument that the appellant failed to seek relief from the Supreme Court within the requisite 20-day period (*see* CPLR 7503 [c]). As such, the parties and their attorneys are directed to submit affidavits or affirmations on the issue of whether, and in what amount, costs or sanctions should be imposed on the appellant and/or its appellate counsel (*see Felix v Herby Realty Corp., supra*), including the amounts of the legal fees incurred by the respondent in connection with this appeal (*see Belsky v Belsky,* 175 AD2d 900). S. Miller, J.P., Friedmann, Crane and Rivera, JJ., concur.