█ In the Matter of RYAN & HENDERSON, P.C., Appellant, v ORNA HAVIV, Respondent. [766 NYS2d 120] —In a proceeding pursuant to CPLR article 75 to vacate an arbitration award which directed the petitioner to return $21,260 in attorney's fees to the respondent, Orna Haviv, the petitioner appeals from (1) an order of the Supreme Court, Nassau County (Segal, J.), dated June 25, 2002, which denied the petition to vacate the award and granted the cross petition to confirm the award, and (2) a judgment of the same court dated August 9, 2002, which is in favor of Orna Haviv and against it in the principal sum of $21,260.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the proceeding (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The petitioner represented the respondent in a matrimonial action. Some time after the petitioner ceased representing her, the respondent sought arbitration of a dispute over fees which she had paid to the petitioner. After an arbitration hearing, the petitioner was ordered to return $21,260 in legal fees to the respondent. The petitioner commenced the instant proceeding to vacate that award as arbitrary and capricious and without evidentiary support. The respondent cross-petitioned to confirm the award. The Supreme Court denied the petition and granted the cross petition. We affirm.

The petitioner correctly contends that the Supreme Court erred in concluding that it need not consider whether the arbitration award in dispute, which was issued in a compulsory arbitration hearing, was arbitrary and capricious and supported by evidence in the record (*see Matter of Sari M. Friedman, P.C. v Gleeson*, 300 AD2d 404 [2002]; *Matter of McNamee, Lochner, Titus & Williams*, 267 AD2d 919, 920 [1999]; *see also Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]). However, upon our review of the record, we conclude that the arbitration panel's determination was supported by evidence in the record and was not arbitrary and capricious (*see Matter of Sari M. Friedman, P.C. v Gleeson, supra; Matter of McNamee, Lochner, Titus & Williams, supra*). Prudenti, P.J., Smith, Friedmann and H. Miller, JJ., concur.