In the Matter of GOLDWEBER & HERSHKOWITZ, Respondent, v MARTHA DIGSBY, Appellant. [820 NYS2d 523]—In a proceeding pursuant to CPLR article 75, Martha Digsby appeals from (1) an order of the Supreme Court, Nassau County (Franco, J.), dated August 3, 2000, which granted the petition of Goldweber & Hershkowitz to vacate an arbitration award dated February 9, 2000 and directed a de novo arbitration, (2) an order of the same court dated April 18, 2001, which granted the petition of Goldweber & Hershkowitz to confirm an arbitration award dated February 20, 2001 and denied her cross petition to vacate that arbitration award, and (3) a judgment of the same court entered April 30, 2001, which, upon the order confirming the arbitration award dated February 20, 2001, is in favor of the petitioner and against her in the principal sum of $30,000.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The appeals from the intermediate orders dated August 3, 2000 and April 18, 2001 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment (*see Matter of Aho*, 39 NY2d 241, 248 [1976]).

The appellant failed to preserve her right to appellate review of the order dated August 3, 2000 by participating in the second arbitration. If the appellant wished to challenge the propriety of the vacatur of the original award, the correct course was to seek an interim stay pending appeal (*see Matter of Commerce & Indus. Ins. Co. v Nester*, 90 NY2d 255, 262 [1997]; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 583 [1977]; *Matter of One Beacon Ins. Co. v Bloch*, 298 AD2d 522, 523 [2002]; *Matter of Nationwide Mut. Ins. Co. v Rothbart*, 220 AD2d 509 [1995]).

Inasmuch as the appellant fails in her brief to address the rationality of the arbitration award dated February 20, 2001 this issue has been abandoned (*see Vasquez v Wood*, 18 AD3d 645, 646-647 [2005]; *Kane v Triborough Bridge & Tunnel Auth.*, 8 AD3d 239, 242 [2004]; *Matter of Feiner v New York State Bd. of Real Prop. Servs.*, 293 AD2d 607, 608 [2002]; *Matter of Winglovitz v Agway, Inc.*, 246 AD2d 684, 685 [1998]). In any event, the award dated February 20, 2001 was properly confirmed (*see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 214, 223 [1996]; *Matter of Ryan & Henderson v Haviv*, 309 AD2d 939, 940 [2003]; *Matter of McNamee, Lochner, Titus & Williams [Killeen]*, 267 AD2d 919, 920 [1999]). Prudenti, P.J., Mastro, Spolzino and Dillon, JJ., concur.