*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  August 6, 2015                    519837
_____

In the Matter of the
    Arbitration between STATE
    FARM INSURANCE COMPANY,
                        Appellant,
        and                                    MEMORANDUM AND ORDER

VICTOR BANYAN et al.,
                    Respondents.
_____

Calendar Date:  May 26, 2015

Before:  Lahtinen, J.P., McCarthy, Rose and Clark, JJ.

_____

        Barth Sullivan Behr, Buffalo (Laurence D. Behr of counsel),
for appellant.

        Cassisi & Cassisi, PC, Mineola (Jonathan A. Dachs of
Shayne, Dachs, Sauer & Dachs, LLP, Mineola, of counsel), for
respondents.

_____

Rose, J.

        Appeal from an order of the Supreme Court (Mulvey, J.),
entered November 8, 2013 in Tompkins County, which, among other
things, denied petitioner's amended application pursuant to CPLR
7503 to permanently stay arbitration between the parties.

        Respondents filed a demand for supplementary
uninsured/underinsured motorist arbitration based on the
allegation that a vehicle operated by respondent Victor Banyan
had been struck by an unidentified vehicle that left the scene of
the accident.  Petitioner contested respondents' claim that the
accident was caused by physical contact with the other vehicle

and commenced this proceeding to stay arbitration.  After a hearing, Supreme Court determined that physical contact had occurred and, among other things, denied petitioner's request for a permanent stay of arbitration.  Although petitioner then filed a notice of appeal, it did not seek an interim stay, nor did it perfect the appeal within the requisite time period.  Meanwhile, the parties proceeded to arbitration and respondents were awarded the full value of the policy.  Only thereafter did petitioner move for an extension of time to perfect the appeal from Supreme Court's order finding physical contact.  We granted the motion, but now dismiss the appeal.

We agree with respondents that petitioner waived its right to appeal by proceeding to arbitration without seeking a stay pending determination of its appeal (see Matter of Commerce & Indus. Ins. Co. v Nester, 90 NY2d 255, 264 [1997]; Matter of One Beacon Ins. Co. v Bloch, 298 AD2d 522, 523 [2002]).  Contrary to petitioner's claim, our grant of the motion for an extension of time to perfect the appeal did not address the merits of respondents' waiver argument and, thus, does not preclude us from considering the argument on this appeal (see Karol v Polsinello, 127 AD3d 1401, 1402-1403 [2015]; South Point, Inc. v Redman, 94 AD3d 1086, 1087 [2012]; Brothers v Bunkoff Gen. Contrs., 296 AD2d 764, 765 [2002]).

Lahtinen, J.P., McCarthy and Clark, JJ., concur.

ORDERED that the appeal is dismissed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court